## ATTACHMENT A (MODIFIED)
## INDEPENDENT CORPORATE COMPLIANCE MONITOR

1. Upon the date of acceptance of this Plea Agreement by the Court, ZTE Corporation ("ZTEC" or the "Company") agrees to engage James M. Stanton as an independent corporate monitor (the "Monitor") for a period not to exceed three (3) years. The three-year monitorship will commence within 120 days from the date of acceptance of this Plea Agreement by the Court. The Monitor will notify the Court of the date the monitorship will commence after meeting with the parties after acceptance of the Plea Agreement by the Court. The Monitor's primary responsibility is to assess and monitor the Company's compliance with the terms of this agreement so as to specifically address and reduce the risk of any recurrence of the Company's misconduct, including evaluating the Company's corporate compliance program with respect to the International Emergency Economic Powers Act ("IEEPA"), the Iran Transactions and Sanctions Regulations ("ITSR"), the Export Administration Regulations ("EAR"), and other relevant export control laws, and making recommendations for improvement. The Monitor will work cooperatively with the parties to solicit recommendations and candidates for professionals to assist the Monitor with his responsibilities.

2. The Monitor's term shall be three (3) years and commence within 120 days from the date of acceptance of this Plea Agreement by the Court as set forth in paragraph 1. The Monitor's duties and authority, and the obligations of the Company with respect to the Monitor, the Department and the Court are set forth below.

3.  The Company agrees that it will not employ or be affiliated with the Monitor for a period of not less than two years from the date the Monitor's work has ended.[1]

4.  The Monitor will review and evaluate the effectiveness of the Company's internal controls, record-keeping, and existing or new procedures as they relate to the Company's compliance with the IEEPA, ITSR, EAR, and other applicable export control laws (the "Export Control Policies and Procedures"). This review and evaluation shall include an assessment of the Export Control Policies and Procedures as actually implemented. The retention agreement between the Company and the Monitor will be governed by the Agreed Order Appointing Corporate Monitor being entered contemporaneously with the Court's acceptance of this Plea Agreement.

5.  The Company shall cooperate fully with the Monitor and the Monitor shall have the authority to take such reasonable steps as, in his or her view, may be necessary to be fully informed about the compliance program of the Company within the scope of his or her responsibilities under this Agreement. To that end, the Company shall provide the Monitor with access to all information, documents, records, facilities and/or employees that fall within the scope of responsibilities of the Monitor under this Agreement, subject to the following limitations:

   a.  In the event that the Company seeks to withhold from the Monitor access to information, documents, records, facilities, and/or employees of ZTEC that may

---

[1] The Department recognizes that the Company has signed a Settlement Agreement with the Department of Commerce related to the conduct that is the subject of this Plea Agreement. Pursuant to that Settlement Agreement, the Company has to provide annual audits to the Department of Commerce for a period of six years. For the first three years, the Monitor will be responsible for providing those audits. If the Department of Commerce and the Company agree, the Monitor may continue to serve as the auditor pursuant to the Company's Settlement Agreement with the Department of Commerce. Upon completion of those audits, the two-year period described in Paragraph 3 of this Attachment will commence.

Attachment A - Page 2

be subject to a valid claim of attorney-client privilege, attorney-work-product doctrine, or applicable state secrets, the Company shall work cooperatively with the Monitor to resolve the matter to the satisfaction of the Monitor.

      b.    If the matter cannot be resolved, at the request of the Monitor, the Company shall promptly provide written notice to the Monitor, the Department and the Court. Such notice shall include a non-privileged description of the nature of the information, documents, records, facilities and/or employees that are being withheld, as well as the basis for the claim. The Monitor and/or the Department may then consider whether to make a further request for access to such information, documents, records, facilities and/or employees. The Monitor, the Company and the Department may request a hearing before the Court on any such issue.

    6.    The parties agree that the Monitor is a judicial adjunct pursuant to Federal Rule of Civil Procedure 53, not an employee or agent of the Company or the Department, and that no attorney-client relationship shall be formed between the Company and the Monitor.

    7.    Any disclosure by the Company to the Monitor concerning export control violations, as previously defined in this Plea Agreement, shall not relieve the Company of its obligation truthfully to disclose such matters to the Department.

    8.    During the three (3)-year term, the Monitor shall conduct an initial review and prepare an initial report, followed by two follow-up reviews and reports as described below:

a.  With respect to each of the three (3) reviews, after initial consultations with the Company and the Department, the Monitor shall prepare a written work plan for each review, which shall be submitted in advance to the Company, the Department and the Court for comment. The Court will approve or disapprove the proposed work plan for each review. In order to conduct an effective initial review of the Company's Export Control Policies and Procedures, the Monitor's initial work plan shall include such steps as are reasonably necessary to develop an understanding of the facts and circumstances surrounding any violations that may have occurred, but the parties do not intend that the Monitor will conduct his or her own investigation into those historical events. Any disputes between the Company and the Monitor with respect to the work plan shall be decided by the Court. The Monitor's reports shall be filed with the Court, with copies provided by the Monitor to the Company and the Department at the time of filing.

b.  In connection with the initial review, the Monitor shall issue a written report within one hundred eighty (180) calendar days of the commencement of the monitorship setting forth the Monitor's assessment and, if appropriate and necessary, making recommendations reasonably designed to improve the Company's Export Control Policies and Procedures. The Monitor shall provide the report to the Board of Directors of the Company and the Court, and contemporaneously transmit copies to the Counterintelligence and Export Control Section, National Security Division, U.S. Department of Justice; U.S. Attorney's Office for the Northern District of Texas; Office of Export Enforcement, U.S. Department of Commerce, and Office of Foreign Assets Control, Department of the Treasury.

c. Within one hundred twenty (120) calendar days after receiving the Monitor's report, the Company shall consider, in good faith, adopting the recommendations set forth in the report. Within sixty (60) calendar days after receiving the report, the Company shall advise the Monitor, the Court, and the Department in writing of any recommendations that the Company considers unduly burdensome, impractical, costly or otherwise inadvisable. As to any recommendation on which the Company and the Monitor ultimately do not agree, the views of the Company and the Monitor shall promptly be brought to the attention of the Court and the Department. The Department may consider the Monitor's recommendation and the Company's reasons for not adopting the recommendation in determining whether to bring relevant facts to the attention of other parts of the U.S. government. The Court shall decide any disputed issues between the Monitor, the Company and the Department.

d. The Monitor shall undertake two follow-up reviews to further monitor and assess whether the Company's Export Control Policies and Procedures are reasonably designed to detect and prevent violations of the IEEPA, ITSR, EAR, and other applicable export control laws.

e. Within sixty (60) calendar days of initiating each follow-up review, the Monitor shall:

i) Complete the review;

ii) Certify whether the Company's Export Control Policies and Procedures are appropriately designed and implemented to ensure compliance with the IEEPA, ITSR, EAR, and other applicable export control laws; and

       iii)    Report to the Court, with copies to the Company and the Department, on the Monitor's findings in the same fashion as with respect to the initial review.

    f.    The first follow-up review and report shall be completed by one year after the initial review. The second follow-up review and report shall be completed by one year after the completion of the first follow-up review.

    g.    The Monitor may extend the time period for submission of the follow-up reports with prior written approval of the Court.

9.    In undertaking the assessments and reviews described above, the Monitor shall formulate conclusions based on:

    a.    inspection of relevant documents, including the policies and procedures relating to the Company's Export Control Policies and Procedures;

    b.    on-site observation and testing of the Company's systems and procedures, including its internal controls, record-keeping, and internal audit procedures;

    c.    meetings with, and interviews of, relevant employees, directors and other persons at mutually convenient times and places; and

    d.    analyses, studies and testing of the Company's Export Control Policies and Procedures, including its export control computer systems and networks.

10.    Should the Monitor, during the course of his or her engagement, discover credible evidence that potentially unlawful transactions were not reported pursuant to applicable export control laws, the Monitor shall promptly report such conduct to the Company's General Counsel for further investigation, unless the Monitor believes, in the

exercise of his or her discretion, that such disclosure should be made directly to the Court and the Department. If the Monitor refers the matter only to the Company's General Counsel, the General Counsel shall promptly report the same to the Department and contemporaneously notify the Monitor that such report has been made. If the Company fails to make disclosure to the Department within fourteen (14) business days of the Monitor's report of such conduct to the Company, the Monitor shall independently disclose his or her findings to the Court and the Department.

11. Further, in the event that the Company, or any entity or person working directly or indirectly for the Company, refuses to provide information necessary for the performance of the Monitor's responsibilities, the Monitor shall promptly disclose that fact to the Court and the Department. The Company shall not take any action to retaliate against the Monitor for any such disclosures or for any other reason.

12. At least annually, and more frequently if appropriate, representatives of the Company and the Department will meet together to discuss the monitorship and any suggestions, comments or proposals for improvement the Company may wish to discuss with the Department. Either party may inform the Court of any issues concerning the monitorship at any time, and may request a hearing on those matters.

13. All reports, submissions, or other materials encompassed by this agreement will be filed under seal and all Court proceedings will be conducted *in camera.*

14. **Agreement to Substitute:** The parties agree, subject to the Court's approval, that this Modified version of Attachment A shall be substituted for the original version of Attachment A which was filed as part of the Plea Agreement on March 7,

2017. No language in the body of the Plea Agreement is to be changed by the substitution of this Modified Attachment A.

[NOTHING FURTHER ON THIS PAGE]

AGREED TO AND SIGNED this 22 day of March, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
ZTE Corporation, Defendant
By: 徐慧俊 / Xu Huijun
Its: Executive Vice President of ZTE Corp.

_____
J. MARK PENLEY
Assistant U.S. Attorney

**Attachment A - Page 8**

_____
WENDY WYSONG
Attorney for Defendant

_____
MICHAEL P. GIBSON
Attorney for Defendant

_____
GARY C. TROMBLAY
Deputy Criminal Chief

_____
                          for
LISA J. DUNN
Criminal Chief

_____
ELIZABETH L. D. CANNON
Trial Attorney, National Security Division

**Attachment A - Page 9**