

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:17-CR-0120-K |
| | § | |
| ZTE CORPORATION | § | |
| | § | |
| Defendant. | § | |

## ORDER MODIFYING CONDITIONS OF PROBATION

Before the Court is the Second Supplemental Report of Third-Party Corporate Compliance Monitor, Submission of Year 2 Work Plan, and Recommendation to Modify Conditions of Probation (Doc. No. 62). In light of the Monitor's recommendations, the Court issues this Order Modifying Conditions of Probation ("Order").

As set forth in the Bureau of Industry and Security ("BIS"), Department of Commerce's April 15, 2018 Order Activating Suspended Denial Order relating to Defendant ZTE Corporation ("ZTEC" or "Defendant") and the June 7, 2018 Superseding Settlement Agreement with BIS, Defendant admits that it made false statements to the United States Government in a letter dated July 20, 2017. ZTEC later provided a copy of that letter to the Monitor, thereby relaying the same false statements to the Monitor. In providing those false statements to the Monitor, ZTEC failed to cooperate with the Monitor in violation of the first standard condition of supervision (Doc. No. 15). As a result, the Monitor recommends modifying

ZTEC's probation pursuant to Fed. R. Crim. P. 32.1(c).

Because ZTEC furnished the Monitor with false statements, the Court finds that Defendant violated a condition of its corporate probation. Given this finding, Defendant's acceptance of the proposed modifications, Defendant's agreement and waiver of hearing, and consideration of the relevant factors set forth in 18 U.S.C. § 3553(a), the Court MODIFIES the terms of Defendant's conditions of probation as fully detailed below.

## I. Legal Standard

"If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in Section 3553(a) to the extent that they are applicable . . . continue [the defendant] on probation, with or without extending the term or modifying or enlarging the conditions." 18 U.S.C. § 3565(a). Under Fed. R. Crim. P. 32.1(c)(2)(A), a hearing is not required if "the person waives the hearing." In felony cases, terms of probation of up to five years are permitted. 18 U.S.C. § 3561(c). Here, Defendant's current term of probation is three years. Therefore, the term of probation can be extended up to an additional two years.

## II. Defendant's Express Waiver

Defendant expressly waives a hearing and the opportunity to make a statement or present additional information in mitigation of an extension of

Defendant's original term of probation. *See* FED. R. CRIM. P. 32.1(c)(2)(A).

### III. The Court's Modification of the Conditions of Probation

The Court finds that Defendant violated a condition of its probation as referenced above. After considering the factors set forth in Section 3553(a) to the extent they are applicable and the Monitor's Second Supplemental Report, the Court MODIFIES Defendant's probation as follows:

**1.** Defendant shall retain the Monitor through March 22, 2022.

**2.** The Monitor shall continually monitor and assess ZTEC's compliance with U.S. export laws, including the Export Control Reform Act of 2018 (the "Act") and the Export Administration Regulations (the "Regulations"), and the terms of this Order, the Court's Order Appointing the Monitor, the Plea Agreement, and Attachment A (Modified) to the Plea Agreement. This includes the compliance of ZTEC's subsidiaries and affiliates worldwide with U.S. export laws. The Monitor's assessments and reports shall encompass, without limitation, ZTEC's compliance program and all related policies, practices, procedures, and systems regarding all exports, reexports, or transfers (in-country) or other activities that are subject to the Act, the Regulations, and the prevention, detection, and reporting of violations of U.S. export controls. To the extent this Order expands the scope of the monitorship, as defined in Attachment A (Modified) to the Plea Agreement and the Court's Order Appointing the Monitor, including by eliminating the 60-day defined review periods for the Monitor's follow-up reviews, the terms described

the Act, the Regulations, and this Court's orders. With the understanding that nothing in this Order shall be interpreted to compel waiver of applicable attorney-client or work product protections, the Monitor shall have full and complete access to all personnel, books, records, systems, documents, audits, reports, facilities, and technical information related to compliance with the Act, the Regulations, and this Court's orders. The Monitor is a court-appointed adjunct. As such, no attorney-client relationship shall be formed between ZTEC and the Monitor. ZTEC understands and agrees that it will not assert attorney-client or attorney work product protections over its personnel, books, records, systems, documents, audits, reports, facilities and technical information related to compliance with the Act, the Regulations, and this Court's orders that the Monitor will seek to access.

7. Moreover, although the Monitor is not investigating ZTEC's past violations of United States law, Defendant shall provide the Monitor with complete access to information related to historical violations to evaluate the current effectiveness of ZTEC's export control compliance program.

8. ZTEC agrees to provide the Monitor with the same access to personnel, books, records, systems, documents, audits, reports, facilities, and technical information as it provides to the Special Compliance Coordinator under the Superseding Settlement Agreement. The Monitor's access shall be granted no later than that of the Special Compliance Coordinator. Without limitation, ZTEC shall provide the Monitor with all information that it

provides or should provide to BIS and the Special Compliance Coordinator under the terms of the Superseding Settlement Agreement with BIS. If contemporaneous transmission is not practical, ZTEC shall provide this information to the Monitor promptly, but no later than three (3) days after it provides such information to the BIS and the Special Compliance Coordinator.

**9.** The Monitor shall notify the Court of any future objections or if it encounters any difficulties in exercising its duties and responsibilities. Defendant agrees that the Court's determination shall be final.

**10.** Defendant acknowledges and understands the broad scope of its compliance obligations and related oversight and other authority of the Monitor under this Order. Defendant further understands and acknowledges that its compliance-related expenditures may increase from current levels because of its obligations and commitments under this Order. Defendant understands and agrees that failure to cooperate fully with the Monitor constitutes a material breach of this Order and a violation of its probation.

**11.** In fulfilling the duties and responsibilities set forth in this Order, the Plea Agreement, Attachment A (Modified) thereto, and the order appointing the Monitor, the Monitor may, at its sole discretion, present any compliance or compliance-program related issue directly to the Defendant's Board of Directors, its Chair, any special audit or compliance committee of the ZTEC Board, or to ZTEC's chief executive officer, chief financial officer, chief legal officer, or chief

operating officer. ZTEC understands and agrees that the Monitor reports to the Court and thus may, in the Monitor's sole discretion or at the request of the Court, raise any such issue with the Court. Should the Monitor discover credible evidence that potential unlawful transactions were not reported under the Act, the Regulations, this Court's orders, or other applicable law, the Monitor shall promptly notify the Court, ZTEC, and the Department of Justice.

The Court ORDERS the foregoing modifications to the terms of ZTEC's probation. The terms described herein are additional terms of probation and expand the scope of the monitorship beyond the scope described in the Plea Agreement, Attachment A (Modified) thereto, and the Court's previous Order Appointing the Monitor.

SO ORDERED.

Signed October 3rd, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

Agreed to and signed on this the 1st day of ~~September~~ October 2018.

ZTE CORPORATION:

_____
Xu Ziyang, President

_____
Shen Nan, Chief Legal Officer

HOGAN LOVELLS US LLP:

_____
J. Evans Rice
Stephen Propst

BURLESON, PATE & GIBSON, LLP

_____
Michael P. Gibson

Attorneys for Defendant