UNITED STATES DISTRICT COURT
*for the* NORTHERN DISTRICT *of* TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>ZTE CORPORATION | NO. 3:17-CR-0120K |

## SUPPLEMENTAL BRIEF OF PROPOSED INTERVENORS DOW JONES & CO., INC. AND REUTERS NEWS & MEDIA INC. IN SUPPORT OF THEIR MOTION TO INTERVENE AND UNSEAL

On April 6, 2023, the United States ("the Government") and defendant ZTE Corporation ("ZTE") filed a joint status report (the "April Status Report"), Doc. No. 231.  The April Status Report publicly explains, for the first time, how the Government and ZTE are approaching their review and redaction of the sealed records at issue.  *Id.*  According to the report, the review-and-redaction procedure is taking place behind closed doors; consequently, it gives neither Media Intervenors[1] nor the public any opportunity to assess the Government and ZTE's proposed redactions, and prevents Media Intervenors from meaningfully responding to the Government and ZTE's legal arguments in support of continued sealing.  This is not the procedure Media Intervenors anticipated, based on the Government's response to Media Intervenors' motion to intervene and unseal; moreover, as explained below, the procedure is inconsistent with Media Intervenors' rights of access and due process.

In light of the information disclosed in the April Status Report, Media Intervenors submit this supplemental brief in support of their motion to intervene and unseal, and respectfully request that the Court (1) grant Media Intervenors' motion to intervene; (2) require the

---

[1] "Media Intervenors" are Dow Jones & Co., Inc. ("Dow Jones") and Reuters News & Media Inc. ("Reuters").

Government and ZTE to publicly file versions of the sealed records with proposed redactions on

a tranche-by-tranche basis; (3) require the Government and ZTE to complete their review of the

sealed records and publicly file all legal arguments in support of their proposed redactions no

later than September 13, 2023; and (4) permit Media Intervenors to file a response to the

Government and ZTE's arguments in support of their proposed redactions within 60 days of the

date the Government and ZTE file their final proposed redactions.

## BACKGROUND

On June 27, 2022, Media Intervenors filed a motion to intervene for the limited purpose

of seeking access to sealed judicial records.  Doc. Nos. 200, 201.  By that same motion, Media

Intervenors sought to unseal all sealed filings and docket entries in this matter, pursuant to the

common law and First Amendment rights of access.  *Id.*

ZTE opposed Media Intervenors' motion to intervene and to unseal.  *See generally* Doc.

No. 215.  The Government, by contrast, did not oppose Media Intervenors' intervention and

agreed that the sealed records at issue are subject to the common law right of access.  Doc. No.

216 at 1, 3.  Consistent with its recognition that the common law right of access applies, the

Government proposed a procedure for reviewing, redacting, and unsealing the records at issue.

*Id.* at 3–4.  Specifically, the Government proposed that

> the Court require *[Media] Intervenors and the parties* to meet to
> establish a schedule by which the government and ZTE will review
> tranches of the sealed records and recommend to the Court
> redactions and withholdings. For any information the government
> and ZTE seek to keep sealed, the government and ZTE will
> provide to the Court an *ex parte* analysis of the factors supporting
> the conclusion that the need for secrecy overcomes the qualified
> common law right of access.

Doc. No. 216 at 3–4 (emphasis added).  The Government further stated that if the Court

implemented its proposed procedure, "the parties would also file a public submission with

general descriptions of the information being withheld and the legal arguments in support of continued sealing." *Id.* at 4 n.4.  Media Intervenors replied that they were "generally amenable" to the Government's proposal—which provided for Media Intervenors' involvement—but "reserve[d] the opportunity to challenge the propriety of particular redactions once the Court has made redacted versions of the sealed records publicly available."  Doc. No. 219 at 10.

On September 13, 2022, the Court ordered the Government and ZTE to appear on October 18, 2022 "to meet and discuss their proposals for making recommendations to the Court."[2]  Doc. No. 220.  Since then, the Court has held two conferences with counsel for the Government and ZTE regarding the relief sought by Media Intervenors' motion, first on November 16, 2022 and again on February 14, 2023.  Doc. Nos. 223, 230.  Both conferences were closed to the public and Media Intervenors, and no record was made.   Doc. Nos. 223, 230.

On April 6, 2023, the Government and ZTE filed the April Status Report.  Doc. No. 231.  The April Status Report outlines how the Government and ZTE are approaching the process of reviewing, redacting, and unsealing the records at issue.  According to the April Status Report, the record contains more than 28,000 pages of sealed filings.  *Id.* at 1.  ZTE is reviewing these filings, apparently in chronological order,  and marking them with proposed redactions for DOJ's review.  *Id.* at 2.  "[W]hen the parties have finished conferring regarding the proposals, they will present their proposals to the Court."  *Id.*  According to the April Status Report, the Government and ZTE then intend to present the Court with "ex parte analysis concerning the continued need for secrecy overcoming the qualified common law right of access."  *Id.*  As of the filing of the April Status Report, "ZTE ha[d] submitted proposals to DOJ concerning all sealed filings from 2017 and part of 2018."  *Id.*

---

[2] The conference was later continued to November 16, 2022.  Doc. No. 221.

**DISCUSSION**

The April Status Report describes a procedure for reviewing and redacting the sealed records that is inconsistent with the Government's proposal in its prior submission to the Court and raises at least three significant concerns.

First, the April Status Report contemplates *in camera* submission of the parties' proposed redactions and supporting legal arguments. If the Government and ZTE's proposed redactions and supporting legal arguments are submitted *in camera*, Media Intervenors will be unable to respond to them, contravening Fifth Circuit precedent and infringing Media Intervenors' due process rights—as well as their rights under the common law and the First Amendment. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) ("Legal arguments, and the documents underlying them, belong in the public domain."); *id.* (stating that "[the judiciary's] processes should facilitate public scrutiny rather than frustrate it"); *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 183 (5th Cir. 2011), *as revised* (June 9, 2011) ("The trial court cannot properly weigh the First Amendment right of access against the interests served by closure, nor can it fully consider alternatives to closure, without providing notice and an opportunity to be heard to the press and public."); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) ("The public has an interest in transparent court proceedings that is independent of the parties' interests."). The Government appeared to recognize as much in its response to Media Intervenors' motion to unseal; there, as noted above, the Government proposed that it and ZTE "file a public submission with general descriptions of the information being withheld and the legal arguments in support of continued sealing." Doc. No. 216 at 4 n.4. That is the appropriate procedure here. *See* Doc. No. 219 at 10 (stating that Media Intervenors were "generally amenable" to the process proposed by the Government).

4

Second, and relatedly, the review-and-redaction process described in the April Status Report unnecessarily prolongs the sealing of those records and portions thereof that neither party seeks to keep sealed.  Where ZTE and the Government agree that a portion of a record need not be redacted, that portion of the record should be made available to the public as soon as practicable.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (stating that when judicial records are sealed, "each passing day may constitute a separate and cognizable infringement of the First Amendment") (internal alterations and quotation marks omitted). Indeed, there is no interest—let alone a compelling interest—in withholding from the public any portion of any record that neither ZTE nor the Government seeks to seal.  *Binh Hoa Le*, 990 F.3d at 421 ("[T]he presumption of openness . . . can be rebutted only by compelling countervailing interests favoring nondisclosure.").  Thus, when ZTE and the Government have completed their review of a tranche of sealed records, they should promptly file said records—with proposed redactions—on the public docket.

Third, the April Status Report sets no target date for completing the review-and-redaction process.  *See generally* Doc. No. 231.  In the interest of promptly resolving this matter and ensuring timely adjudication of the public's rights of access to the sealed records, Media Intervenors respectfully propose that the Court order the Government and ZTE to complete the review-and-redaction process and publicly file any arguments in support of their proposed redactions no later than September 13, 2023—one year from the date of the Court's first public order requiring the Government and ZTE to "discuss their proposals for making recommendations to the Court."   Doc. No. 220.  Media Intervenors also respectfully request the opportunity to file a response no later than 60 days from the date on which the Government and ZTE publicly file any arguments in support of their proposed redactions.

Finally, Media Intervenors respectfully submit that their motion to intervene, which has been fully briefed since August 8, 2022, is ripe for disposition and should be granted. Indeed, the Government, ZTE, and the Court have already engaged in substantive discussions about how, when, and to what extent the relief sought by Media Intervenors' motion should be granted, and the parties have been preparing proposed redactions for the Court's review for many months; there is no reason not to allow Media Intervenors' participation in this matter.

## CONCLUSION

For the foregoing reasons—as well as those set forth in their brief in support of their motion to intervene and unseal, Doc. No. 201, and reply in support of their motion to intervene and unseal, Doc. No. 219—Media Intervenors respectfully request that the Court (1) grant Media Intervenors' motion to intervene; (2) require the Government and ZTE to publicly file versions of the sealed records with proposed redactions on a tranche-by-tranche basis; (3) require the Government and ZTE to complete their review of the sealed records and publicly file all legal arguments in support of their proposed redactions no later than September 13, 2023; and (4) permit Media Intervenors to file a response to the Government and ZTE's arguments in support of their proposed redactions no later than 60 days from the date on which said arguments are publicly filed.

Respectfully submitted,

Dated: April 26, 2023

*/s/ Michael J. Lambert*

Thomas J. Williams
State Bar No. 21578500
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
P: 817.347.6600
F: 817.347.6650
thomas.williams@haynesboone.com

Laura Lee Prather
State Bar No. 16234200
Michael J. Lambert
State Bar No. 24128020
HAYNES AND BOONE, LLP
600 Congress Ave., Suite 1300
P: 512.867.8400
F. 512.867.8470
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

Katie Townsend*
Jennifer A. Nelson*
THE REPORTERS COMMITTEE FOR FREEDOM OF
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
P: 202.795.9300
F: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org
*Admitted *pro hac vice*

*Counsel for Media Intervenors*

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on April 26, 2023.

Notice of this filing and service will be sent by ECF service to all parties.


Dated: April 26, 2023                    */s/ Michael J. Lambert*
                                         Michael J. Lambert
                                         *Counsel for Media Intervenors*